No. 764

N. Y. CENTRAL SEC. CORP. v. C. C. C. & ST. L. RY. CO.

VENNER v. N. Y. CENT. RD. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 6289-6290. Decided May 24, 1926.

Judges Mauck, Sayre and Middleton, 4th Dist., sitting.

**First Publication of this Opinion.**

681. JURISDICTION—659. Interstate Commerce Commission—In suits to restrain, or set aside, orders of Interstate Commerce Commission, United States is indispensible party.

Error to Common Pleas.

Judgment affirmed.

Snyder, Henry, Thomsen, Ford & Seagrave, Cleveland, for Securities Co.

S. H. West, Cleveland, for Railroads.

SAYRE, J.

These actions were brought in the Cuyahoga Common Pleas, by the New York Central Securities Corporation against the Cleveland, Cin-

cinnati, Chicago & St. Louis Railway Co. and by Clarence H. Venner against the N. Y. C. Railroad Co., to enjoin the defendant railroad companies from entering into a certain so-called Equipment Trust Agreement with the Guaranty Trust Co. of New York, whereby the latter was to act as trustee of "New York Central Lines Equipment Trust of 1922" to issue, under the agreement, certain "Five Per Cent Equipment Trust Gold Certificates." The proceeds of the certificates were to cover the cost of freight cars and locomotives, title to be in said trustee and said equipment leased by it to the defendants and other railroad companies; and all such railroad companies jointly and severally agree to pay rental sufficient to liquidate such certificates and dividend warrants as they mature.

It is claimed that the issue of such certificates is in violation of the laws of Ohio, and particularly 614-53 to 614-55 GC., which prohibit the issue, by railroad companies, of stocks, bonds, notes, or other evidence of indebtedness, payable at periods. of more than twelve months after date thereof, for improvement or extension of railroad property, without the permission of the Public Utilities Commission of Ohio.

The answers of defendants averred that applications were made to the Interstate Commerce Commission for an order authorizing the assumption by them, jointly, of the obligations and liabilities of said equipment trust certificates under the equipment trust of 1922, by execution and delivery of said proposed agreement.

The petition in each case was dismissed by the trial court, the jurisdiction of the court being challenged.

The Interstate Commerce Commission did, in fact, duly enter its order authorizing defendants to assume, jointly and severally, the obligations and liabilities of the equipment trust certificates, and authorizing the entering into leases of the trust equipment with the Guaranty Trust Co., etc.

The defendants claim that, by reason of the order of the Interstate Commerce Commission, power has been conferred upon the defendants "to assume the obligations and liabilities aforesaid irrespective of whether, in the absence of said Federal legislation, power in that behalf would or would not be conferred upon them by the law of the State of Ohio * * * and defendant here sets up specially and claims the benefit and protection of the laws of the United States * * *."

The petitions in these cases were filed a short time before the orders of the Interstate Commission were issued.

In the case of Venner v. Michigan Central Railroad Co., the Supreme Court of the U. S., held that in suits to restrain or set aside orders of the Interstate Commerce Commission, the United States is an indispensible party.

If the injunctions in the instant cases were granted, as prayed for, the effect of them would be to set aside the orders of the Interstate Commerce Commission as those orders, admittedly, affect interstate commerce.

When the suits were filed in the Common Pleas Court, the court had jurisdiction; but, when. the orders of the Commission were pleaded, the Court of Common Pleas lost jurisdiction because the United States then became an indispensable party, and could not be made a party and a court has no jurisdiction to determine a controversy in the absence of an indispensable party.

(Mauck, PJ., and Middleton, J., concur.)